IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Western Division

FX Aviation Capital, LLC,

    Movant,

v.

Eliezer Appel,

    Third Party

_____

Misc. Action No. _____

**UNOPPOSED VERIFIED MOTION TO COMPEL APPEARANCE AND RESPONSES TO SUBPOENA DUCES TECUM**

FX AVIATION CAPITAL LLC,

    Plaintiff,

v.

HECTOR GUERRERO,
MARK LIKER,
ANATOLY GALUNOV,
STRATUS Aircraft N/K/A AIRLUX AIRCRAFT INC., and LG AVIATION, INC.,

    Defendants.

_____

I. **<u>INTRODUCTION</u>** [1]

Pursuant to Fed. R. Civ. P. 37(a) and 45, Plaintiff FX Aviation Capital LLC ("FX Aviation") by and through undersigned counsel, moves the Court to compel non-party Eliezer Appel ("Appel"), a licensed attorney in California, to appear to testify at the deposition on **September 6, 2023 @ 1:30pm PST** and produce at said deposition the documents detailed in the subpoena duces tecum issued by the United States District Court for the District of South Carolina. Said subpoena duces tecum required Mr. Appel to give testimony and produce documents detailed in the subpoena on August 7, 2023 designating Los Angeles, CA as the place of giving testimony via zoom and production of documents. *See, Exhibit 1 hereto* (*Subpoena Duces Tecum*) and *Exhibit 2 here*to (*Declaration of Attorney Scott Talley*). This miscellaneous action relates to a federal civil RICO action captioned and numbered *FX Aviation Capital, LLC v. Hector Guerro et al*, No. 6:22-cv-01254-HM (D. of S.C. – Greenville Division) pending in the United States District Court for the District of South Carolina. *See Exhibit 2 hereto* (Declaration of Scott F. Talley); *see also Exhibit 3 hereto* (RICO case Docket sheet).

Mr. Appel did not appear at the scheduled August 7, 2023 deposition to be held via zoom or produce the documents subpoenaed. Accordingly, FX Aviation

---

[1] The instant motion to compel is unopposed by nonparty witness Eliezer Appel and his counsel.

2

requires the Court's assistance to compel this non-party Mr. Appel to comply with his obligations pursuant to subpoena duces tecum served on him and Federal Rules of Civil Procedure 45 by appearing at his deposition on September 6, 2023 @ 4:30pm at the law office of CLARK HILL LLP  555 South Flower Street, 24th Floor, Los Angeles, CA 90071.

## II.    THE PARTIES

FX Aviation is the plaintiff in the federal civil RICO action pending in South Carolina district court, *FX Aviation Capital, LLC v. Hector Guerro et al*, No. 6:22-cv-01254-HM (D. of S.C. – Greenville Division). FX Aviation is represented by the Law Firm of Scott F. Talley in the South Carolina district court.

Hector Guerrero is not represented by counsel in the federal civil RICO case.

Mark Liker, Anatoly Galunov, Stratus Aircraft n/k/a Airlux Aircraft Inc., and LG Aviation, Inc. are represented by California Attorney Craig Smith appearing pro hac vice and South Carolina Attorney Townes Johnson.

Eliezer Appel is a licensed practicing attorney in the State of California, residing in Los Angeles County, California. Mr. Appel is a nonparty witness in the federal RICO case cited above. Mr. Appel is represented by California Attorney Craig Chisvin in the matter of the subpoena duces tecum and instant motion to compel.

The presiding jurist in the civil RICO case is the Honorable Henry M. Herlong, Jr., United States District Judge in the District of South Carolina – Greenville Division.

## III. FACTUAL BACKGROUND

The Movant, FX Aviation brought a federal civil RICO action against the following individual defendants and corporate entities: Hector Guerrero, Mark Liker, Anatoly Galunov, Stratus Aircraft n/k/a Airlux Aircraft Inc., and LG Aviation, Inc. *See Exhibit 4 hereto* (*FX Aviation RICO Complaint*). The facts of the case are detailed in the South Carolina district court's ("district court") opinions published at *FX Aviation Capital, LLC v. Guerrero*, 2022 U.S. Dist. LEXIS 241255 (D. of S.C. Dec. 9, 2022) (denying defendants' motion to dismiss RICO complaint).

On July 24, 2023, nonparty witness Eliezer Appel was properly served with a subpoena duces tecum issued by the United States District Court for the South District of South Carolina. The deposition of Mr. Appel was set for August 7, 2023 via zoom. Mr. Appell was required to appear, testify and produce specific documents detailed in the subpoena duces tecum. *See Exhibit 1 hereto*.

On July 10, 2023, at a motions hearing, the South Carolina district court reached the merits of Plaintiff's motion to compel testimony and imposition of sanctions against Liker and his counsel. In so doing, this Court held Defendant

4

Liker and his counsel engaged in serious discovery violations by refusing to answer the questions on grounds of being not relevant. In granting the motion to compel testimony of Liker, South Carolina district court also granted sanctions against Defendant Liker and admonished Defendant Liker's counsel. *See, Exhibit 5 (transcripts of July 10, 2023 motion hearing)*; *see also Exhibit 3 at ECF 90, 92, 105*. The South Carolina district court ordered Defendant Liker to appear at a second deposition at the law office of Plaintiff's counsel in Spartanburg, SC. *Exhibit 3, at ECF 97*.

At this motion hearing, South Carolina district court granted Defendant Liker's motion to quash the subpoena on his former counsel Eliezer Appel. However, the district court did allow the FX Aviation to take the deposition of Eliezer Appel and directed the parties as follows:

> "Well, what I will do is I will allow it, but I want it all under seal. I mean, just the lawyers. And then, you come back before the Court if you feel that you would like to use any of it, if there's any objection to what you learn."

*Exhibit 5., p.18*.

Thereafter, the parties and counsel Criag Chisvin for nonparty witness Eliezer Appel agreed to have his deposition taken on August 7, 2023. Plaintiff served a subpoena duces tecum on Elizer Appel.

On August 7, 2023, the parties appeared at Eliezer Appel's deposition, via zoon. However, after waiting 30-minutes, it was evident Mr. Appel was a no show.

After this scheduled deposition, Plaintiff's counsel learned the following:

i. The day before the first notice to take Mr. Appel's deposition on April 27, 2023, Liker's counsel Craig Smith had sent a test message to Mr. Appel telling him not to testify at his deposition based on the privilege of attorney/client privilege.

On August 10, 2023, FX Aviation filed a motion to extend the discovery deadline and imposition of sanctions against Defendants and their counsel Craig Smith. *Exhibit 6 hereto*. FX Aviation also filed a motion to compel Mr. Appel's attendance at a deposition, via zoom on August 21, 2023. *Exhibit 7 (Motion to Compel Attendance); see also Exhibit 3 at* ECF 110).

On August 15, 2023, the district court entered a text order denying the motion to compel:

> "TEXT ORDER denying 110 Motion to Compel Nonparty Witness Eliezer Appel to Appear for Deposition. Federal Rule of Civil Procedure 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending." A motion to compel compliance with a subpoena, however, must be brought in "the court for the district where compliance is required." See Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A); Rink v. VICOF II Tr., No. 5:20-CV-00039-KDB, 2021 WL 3172941, at *3 (W.D.N.C. July 27, 2021) (unpublished) (stating that Rule 45 "vests the power to enforce a subpoena with the court where compliance is required"); BNSF Ry. Co. v. Alere, Inc., No. 18-CV-291-BEN-

6

> WVG, 2018 WL 2267144, at *10 (S.D. Cal. May 17, 2018) (unpublished) ("Rule 45 contemplates that the enforcement... of a subpoena must issue from the district where compliance is required.").
>
> The subpoena at issue commands Mr. Appel, a nonparty who resides in Beverly Hills, California, to appear for a remote deposition by Zoom and to produce certain documents. Because compliance is not required in the District of South Carolina, the court lacks authority to enforce the subpoena. Entered at the direction of Honorable Henry M Herlong, Jr on 8/15/23.(sfla) (Entered: 08/15/2023)"

*Exhibit 3, ECF 115*.

FX Aviation's motion to extend the discovery deadline and imposition of serious sanctions against Defendants and their counsel Craig Smith is scheduled for a hearing on August 23, 2023 before the district court. *Exhibit 3, ECF 116*.

Eliezer Appel's counsel Craig Chisvin stated he and his client Mr. Appel do not oppose the instant motion. The instant motion followed.

Movant does not seek any costs or sanctions to be imposed on nonparty witness Eliezer Appel given the reasons noted above and set forth in Exhibit 7 for his nonappearance at the August 7, 2023 deposition.

## IV. <u>LEGAL DISCUSSION.</u>

Plaintiff now moves this Court for an order compelling Mr. Appel to appear to testify and produce documents at the deposition to be set by this Court for

**September 6, 2023 @ 1:30am (PST)** to be held at the law office of CLARK HILL LLP 555 South Flower Street, 24th Floor, Los Angeles, CA 90071.

This Court has jurisdiction over the instant motion, parties and Mr. Appel given Mr. Appel was properly served with a subpoena duces tecum issued by another district court in South Carolina and Mr. Appel resides in Los Angeles County, California.[2]

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit

---

[2] "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Higginbotham v. KCS Intern., Inc.,* 202 F.R.D. 444, 455 (D. Md. 2001).

*Fed. R. Civ. P. 26(b)(1)*. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* at 680 (citation omitted).

Rule 45 requires service of a subpoena by "delivering a copy to the named person" and proof by filing a certified statement "showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b). "The Ninth Circuit has not ruled whether Rule 45 requires personal service." *In re Subpoena to VaughnPerling*, No. 19-m-00083, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) (quoting *Chambers v. Whirlpool Corp.*, No. 11-cv-01733, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016)). "The majority of courts understand 'delivering' to require personal service of the subpoena." *Fujikura*, 2015 WL 5782351, at *5 (collecting cases); *see also* Charles A. Wright & Arthur R. Miller, 9A *Fed. Prac. & Proc. Civ.* § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."). However, "[s]ervice on a corporation's agent is sufficient" for Rule 45. Wright & Miller, *supra*, § 2454.

9

Rule 45(g) authorizes that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See also* Fed. R. Civ. P. 45(d)(3)(A) (requiring motions to quash or modify a subpoena to be heard by "the court for the district where compliance is required."). Therefore, "[t]he appropriate forum for a motion to enforce a third party subpoena is in the district where compliance is required." *Am. Marriage Ministries v. Google, LLC*, No. 21-mc-80040-SK, 2021 WL 1526757, at *1 (N.D. Cal. Apr. 12, 2021); *see Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("[C]hallenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required."). For subpoenas seeking production of documents, the place of compliance is "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "The issuing court otherwise lacks jurisdiction to enforce the subpoena if compliance is required in another district." *Russell v. Maman*, No. 18-cv-06691-AGT, 2021 WL 3212646, at *1 (N.D. Cal. July 29, 2021); *see also Chambers*, 2016 WL 9451360, at *3 ("[T]he court lacks jurisdiction to compel [non-party] to comply with the subpoena because the subpoena requires compliance in [another district].").

"The court has discretion to determine whether to grant a motion to compel" compliance with a Rule 45 subpoena. *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-JSC, 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) (citing *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987)). The court may compel compliance "where the nonparty has not formally objected but has instead failed to respond." *In re Subpoena to VaughnPerling*, 2019 WL 8012373, at *3.

Service of written motions and discovery papers must also be properly served under Federal Rule of Civil Procedure 5(a). "A motion may be served by various methods that may not be used to serve a summons." *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014). A motion is properly served by leaving it "in a conspicuous place in the office" of the recipient, "leaving it at the person's dwelling," or by "mailing it to the person's last known address." *Fed. R. Civ. P. 5(b)(2);* see also *N.D Cal. Civ. L.R. 5-1(g)(2)* (service of documents on persons who are not registered as electronic filers in a particular matter must be served a paper copy of the document).

## V. **DISCUSSION**

Plaintiff properly served Mr. Appel the subpoena duces tecum through personal service that was accepted by his counsel, Craig Chisvin. The subpoena was served on an address in Los Angeles County, California which is within 100

11

miles of the address in Los Angelese County, within the Central District of California - Western Division and is therefore the appropriate forum in which to seek compliance with the subpoena served on Mr. Appel.

The district court has held that Mr. Appel's testimony and documents requested are relevant and proportional to the needs of the case. Importantly, the district court presiding over the RICO case approved the taking of Mr. Appel's deposition and ordered Mr. Appel's deposition to be placed under sealed until the district court has an opportunity to determine which testimony falls within the crime/fraud exception or attorney/client privilege. *Exhibit 5, p.18.*

FX Aviation respectfully submits the district court's finding that Mr. Appel's testimony and documents in his possession are relevant and proportionate to the needs of the RICO case should be controlling here, or in the alternative carry great weight in this Court's analysis in reaching the merits of the instant motion. The district court has directed the parties on how the deposition of Mr. Appel will proceed and that said deposition once completed must be placed under seal.

To be sure, Mr. Appel is expected to testify about circumstances where Defendant Liker asked him to commit crimes and/or was going to commit crimes against FX Aviation. Further, Mr. Appel is expected to also testify to his conversations of the aircraft logbooks being used by the RICO defendants to extort money from FX Aviation as well as conversations Mr. Appel had with other RICO

defendants, all of which fall within the crime/fraud exception to the attorney/client privilege. The South Carolina district court has already heard arguments from FX Aviation and RICO defendants on the claims of attorney/client privilege and crime/fraud exception to such privilege. The district court decided to review such claims after Mr. Appel testifies and his deposition is placed under seal.

FX Aviation needs the testimony and documents described in the subpoena from Mr. Appel to further support its RICO case against the RICO defendants. Having demonstrated the need to depose Eliezer Appel and obtain the documents in his possession, all of which has been addressed by the district court presiding over the RICO case, FX Aviation respectfully submits it has met its burden for this Court to enter an order compelling Eliezer Appel to appear at a deposition to give testimony and produce documents.

## VI. CONCLUSION

Movant, FX Aviation Capital LLC requests this Court to grant the UNOPPOSED instant motion to compel compliance with the subpoena duces tecum to Eliezer Appel to appear to give testimony and produce the documents identified in the subpoena at the deposition set by this Court for **September 6, 2023 @ 1:30am (PST)** at the law office of CLARK HILL LLP 555 South Flower Street, 24th Floor, Los Angeles, CA 90071, based on the foregoing facts and law; and enter an order granting same and other relief this Court deems proper and just.

| | |
|---|---|
| August 21, 2023 | CLARK HILL LLP |
| | |
| | *//ss// Joseph Carpello* |
| | Joseph Carpello, Esq. |
| | 555 South Flower Street, 24th Floor, |
| | Los Angeles, CA 90071 |
| | (213) 226-4722 (office) |
| | (213) 488-1178 (fax) |

## **VERIFICATION**

I, Scott F. Talley, hereby verify and affirm under penalties of perjury pursuant to 28 U.S.C. § 1746 the above facts and law are true and correct, done on this 21st day of August 2023.

*//ss// Scott F. Talley*
Scott F. Talley

### CERTIFICATE OF GOOD FAITH CONFERENCE ON MOVANT'S MOTION TO COMPEL APPEARANCE AND RESPONSE TO SUBPOENA DUCES TECUM

Pursuant to Local Rule 7.03, I hereby certify that Attorney Craig Chisvin for nonparty witness Eliezer Appel on the instant motion to compel stated he and his client **DO NOT OPPOSE** the instant motion and relief requested therein.

_//ss// Joseph Carpello_
Joseph Carpello, Esq.

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2023, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing. Contemporaneously herewith, copies will sent by email and US mail to all other parties in the District of South Carolina Civil RICO Action. Copies will also be sent by US mail and process server to Third Party Eliezer Appel's counsel Craig Chisvin who agreed to accept service on behalf of his client, Eliezer Appel, and a subsequent certificate of service will be filed confirming delivery by such process server.

_//ss// Joseph Carpello_
Joseph Carpello, Esq.

-

*FX Aviation Capital, LLC v. Eliezer Appel*
*United States District Court for the Central District of California*
*Western Division*

## TABLE OF EXHIBITS

**Exhibit 1:**     **Subpoena Duces Tecum Served On Eliezer Appel**

**Exhibit 2:**     **Declaration of Attorney Scott Talley**

**Exhibit 3:**     **FX Aviation's federal civil RICO case Docket sheet**

**Exhibit 4:**     **FX Aviation RICO Complaint**

**Exhibit 5:**     **Transcripts of July 10, 2023 motion hearing**

**Exhibit 6:**     **FX Aviation motion to extend discovery deadline and imposition of sanctions against defendant Liker and Counsel Craig Smith**

**Exhibit 7:**     **FX Aviation motion to compel Eliezer Appel to attend deposition and produce subpoenaed documents**